**GOLDEN GOODRICH LLP**
David M. Goodrich, State Bar No. 208675
dgoodrich@go2.law
Beth E. Gaschen, State Bar No. 245894
bgaschen@go2.law
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Telephone 714-966-1000
Facsimile 714-966-1002

Attorneys for Debtor
And Debtor-in-Possession

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA - OAKLAND DIVISION**

In re

20205WY-01, LLC, a Wyoming limited liability company,

Debtor and Debtor-in-Possession.

Case No. 23-40185 WJL

Chapter 11

**DISCLOSURE STATEMENT DESCRIBING CHAPTER 11 PLAN OF LIQUIDATION DATED MAY 19, 2023**

**Disclosure Statement Hearing:**
**Date: July 12, 2023**
**Time: 10:30 a.m.**
**Place: Courtroom 220 or Via Zoom**

**Plan Confirmation Hearing:**
**Date: TBD**
**Time: TBD**
**Place: Courtroom 220 or Via Zoom**

Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 Fax 714-966-1002

20205WY-01, LLC, the debtor and debtor-in-possession ("Debtor"), provides this *Disclosure Statement Describing Chapter 11 Plan of Liquidation Dated May 19, 2023* ("Disclosure Statement") to creditors, pursuant to 11 U.S.C. § 1125 of the Bankruptcy Code, in connection with the solicitation of acceptance of its *Chapter 11 Plan of Liquidation Dated May 17, 2023* ("Plan") filed with the United States Bankruptcy Court for the Northern District of California, Oakland Division ("Court") in the above-captioned chapter 11 bankruptcy case ("Case").

## I. INTRODUCTION[1]

On February 20, 2023 ("Petition Date"), the Debtor commenced its bankruptcy case by filing a voluntary petition under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 et seq. ("Bankruptcy Code" or "Code").

Chapter 11 allows the Debtor, and, under some circumstances, creditors and other parties in interest, to propose a plan. A plan may provide for a debtor to reorganize by continuing to operate, to liquidate by selling assets of the estate, or a combination of both. The Debtor is the proponent of the Plan, which was sent to you in the same envelope as these documents. THE DOCUMENT YOU ARE READING IS THE DISCLOSURE STATEMENT FOR THE ENCLOSED PLAN. **Your rights may be affected. You should read these papers carefully and discuss them with your attorney if you have one. If you do not have an attorney, you may wish to consult one.**

The Plan is a liquidating plan. As described in detail below, Allowed Claims will be paid in full through the sale of the Debtor's single asset, a piece of real property located at 743 Hilldale Avenue, Berkeley, California 94705 ("Property"). The sale proceeds will be distributed in accordance with the priority scheme set forth in the Bankruptcy Code.

The effective date of the Plan ("Effective Date") will be the later of: (1) the close of the sale of the Property, or (2) the first Business Day that is at least 15 days after the entry

[1] Any capitalized term not defined in the text of this Disclosure Statement are defined in the Table of Definitions found at the end of the Disclosure Statement.

Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 Fax 714-966-1002

Case: 23-40185 Doc# 27 Filed: 05/22/23 Entered: 05/22/23 18:22:47 Page 2 of 39

of an order confirming the Plan (the "Plan Confirmation Order"), provided there has been no order staying the effectiveness of the Plan Confirmation Order.

### A. <u>The Purpose of This Document</u>

This Disclosure Statement summarizes what is in the Plan and tells you certain information relating to the Plan and the process the Court follows in determining whether to confirm the Plan.

**<u>READ THIS DISCLOSURE STATEMENT CAREFULLY IF YOU WANT TO KNOW ABOUT</u>:**

**(1) WHO CAN VOTE OR OBJECT,**

**(2) WHAT THE TREATMENT OF YOUR CLAIM IS UNDER THE PLAN (*i.e.*, what your Claim will receive if the Plan is confirmed) AND HOW THIS TREATMENT COMPARES TO WHAT YOUR CLAIM WOULD RECEIVE IN LIQUIDATION IN CHAPTER 7,**

**(3) THE HISTORY OF THE DEBTOR AND SIGNIFICANT EVENTS DURING ITS BANKRUPTCY CASE,**

**(4) WHAT THINGS THE COURT WILL LOOK AT TO DECIDE WHETHER TO CONFIRM THE PLAN,**

**(5) WHAT IS THE EFFECT OF CONFIRMATION, AND**

**(6) WHETHER THE PLAN IS FEASIBLE.**

This Disclosure Statement cannot tell you everything about your rights. You should consider consulting your own lawyer to obtain more specific advice on how the Plan will affect you and what is the best course of action for you. Golden Goodrich LLP ("GG"), general insolvency counsel for the Debtor, does not represent you.

Be sure to read the Plan as well as this Disclosure Statement. If there are any inconsistencies between the Plan and this Disclosure Statement, the Plan provisions will govern.

The Bankruptcy Code requires a disclosure statement to contain "adequate information" concerning the Plan. The Court has approved this document as an adequate

Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 Fax 714-966-1002

Disclosure Statement, containing enough information to enable parties affected by the Plan to make an informed judgment about the Plan.[2]

### B. Deadlines for Voting and Objecting; Date of the Plan Confirmation Hearing

THE COURT HAS NOT YET CONFIRMED THE PLAN DESCRIBED IN THIS DISCLOSURE STATEMENT. IN OTHER WORDS, THE TERMS OF THE PLAN ARE NOT YET BINDING ON ANYONE. IF, HOWEVER, THE COURT LATER CONFIRMS THE PLAN, THEN THE PLAN WILL BE BINDING ON THE DEBTOR AND ALL CREDITORS IN THIS CASE.

#### 1. Time and Place of the Plan Confirmation Hearing

The hearing where the Court will determine whether to confirm the Plan ("Plan Confirmation Hearing") will take place on __________, 2023, at _________, before the Honorable William Lafferty, United States Bankruptcy Judge for the Northern District of California, in Courtroom 220, located at 1300 Clay Street, Oakland, California 94612 or via Zoom.

#### 2. Deadline for Voting For or Against the Plan

If you are entitled to vote, it is in your best interest to timely vote on the enclosed ballot and return the ballot in the enclosed envelope to Golden Goodrich LLP, attn: Beth E. Gaschen, 650 Town Center Drive, Suite 600, Costa Mesa, CA 92626 or via email to bgaschen@go2.law.

Your ballot must be received by ___________, PST, on ___________ 2023 or it will not be counted.

#### 3. Deadline for Objecting to Confirmation of the Plan

Objections to the confirmation of the Plan must be filed with the Court and served upon counsel for the Debtor so as to be received on ___________, 2023.

[2] The Disclosure Statement has not yet been approved. A hearing on the approval of the Disclosure Statement will take place on July 12, 2023.

Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 Fax 714-966-1002

### 4. Identity of Persons to Contact for More Information Regarding the Plan

Any interested party desiring further information about the Plan should contact David M. Goodrich or Beth E. Gaschen of Golden Goodrich LLP, by phone at (714) 966-1000 or by email at dgoodrich@go2.law, bgaschen@go2.law.

### C. Disclaimer

The financial data relied upon in formulating the Plan is based on the Debtor's books and records which, unless otherwise indicated, are unaudited. The information contained in this Disclosure Statement is provided by the Debtor. The professionals employed by the Debtor drafted the Plan and the Disclosure Statement based upon this information and have no independent knowledge regarding the accuracy of the data. The Court has not yet determined whether the Plan is confirmable and makes no recommendation as to whether you should support or oppose the Plan.

## II. BACKGROUND

### A. Debtor's Business Operations

The Debtor is a Wyoming limited liability company. Victoria Haas is the sole member of the Debtor.

The Debtor purchased the Property on May 7, 2021, from Mary J. Helmrich, as trustee of the Hartley-Helmrich 2013 Revocable Trust by grant deed. In order to purchase the Property, the Debtor obtained a loan from Loan Funder, LLC ("Loan Funder") in the amount of $993,376. A deed of trust was recorded by Loan Funder on May 7, 2021. As of the Petition Date, Loan Funder was owed approximately $998,203.40.

The Debtor purchased the Property with the goal of remodeling the Property and "flipping it for profit." Based on a broker's price opinion, the Property is worth approximately $1,400,000 "as is" and $1,650,000 once completed. The Property is not operating and there are no employees.

Other than Loan Funder's lien, there are two mechanic's liens recorded against the Property. One lien is held by S&C Construction ("S&C") (general contractor) based upon a

Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 Fax 714-966-1002

mechanic's lien recorded on March 23, 2022,[3] and the other lien is held by PeopleReady, Inc. ("PeopleReady") (subcontractor) based upon a mechanic's lien recorded on March 25, 2022,[4] which collectively total approximately $99,230.16.

The Debtor hired S&C and believed that it was paying all of the subcontractors. The Debtor believes that S&C repeatedly invoiced it for work that had not yet been done, materials that were not purchased, and overcharged the Debtor for work in amounts that were beyond the agreed upon contract prices. The Debtor believes that S&C is only owed $35,800.10 and from that $18,742.94 needs to be deducted. Pre-petition, the Debtor was negotiating reduced payments to both S&C and PeopleReady.

### B. Events Leading to the Filing of the Debtor's Chapter 11 Case

Loan Funder recorded a notice of default on October 19, 2022 and scheduled a foreclosure sale for February 21, 2023. The filing of the bankruptcy petition was precipitated by the foreclosure sale.

### C. Events Occurring During the Chapter 11 Bankruptcy Case

#### 1. The Debtor's Schedules and Operating Reports

The Debtor believes that the Estate is in compliance with the requirements under 11 U.S.C. §§ 521, 1106, and 1107, and the applicable Guidelines of the Office of the United States Trustee ("OUST"). On February 20, 2023, the Debtor filed its Schedules of Assets and Liabilities and Statement of Financial Affairs ("Schedules"). The Debtor filed an amended Schedule A/B and G on March 15, 2023, and Schedule I & J on April 5, 2023 ("Amended Schedules").

The Debtor attended its initial meeting of creditors on March 20, 2023, and the continued meeting of creditors on April 6, 2023, at which time the meeting was concluded.

---

[3] S&C Construction filed a complaint in the Alameda County Superior Court on June 20, 2022 against the Debtor alleging causes of action for (1) breach of contract; (2) common counts; (3) foreclosure of mechanic's lien; (4) violation of statutes; and (5) account stated, Case No. 22CV012997.

[4] PeopleReady filed a complaint in the Alameda County Superior Court on June 22, 2022 against S&C Construction, LLC, Sean Patrick Carroll, Western Surety Company, Navigators Insurance Company, and the Debtor alleging causes of action for: (1) breach of contract; (2) common counts; (3) quantum meriut; (4) recovery on licensed bond; (5) foreclosure of mechanic's lien; and (6) violation of prompt payment statutes, Case No. 22CV013111.

Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 Fax 714-966-1002

Case: 23-40185 Doc# 27 Filed: 05/22/23 Entered: 05/22/23 18:22:47 Page 6 of 39

The Debtor has filed all of its monthly operating reports. Additionally, the Debtor is current on its quarterly fees.

**2. Claims Bar Date**

The claims bar date in the case is June 20, 2023 ("Claims Bar Date"). To date, three proofs of claim have been filed. Claim No. 1 was filed by the Franchise Tax Board alleging both a priority tax claim and a general unsecured claim. Claim No. 2 was filed by PeopleReady as a secured claim in the amount of $31,845.50. Claim No. 3 was filed by LS Carlson Law, PC as a general unsecured claim in the amount of $8,448.69.

**3. Employment of Counsel**

On March 14, 2023, the Debtor filed and served its *Application of the Debtor and Debtor-in-Possession to Employ Counsel (Golden Goodrich LLP)* ("GG Employment Application") and related notice. The GG Employment Application was approved by order entered on March 20, 2023. The Debtor will file an employment application for a broker to market and sell the Property. The Debtor may also need to employ an accountant to assist with the preparation of tax returns if the Property is sold.

**4. Status of Outstanding Litigation**

There are currently two pending lawsuits involving the Debtor in the Alameda County Superior Court.

S&C filed a complaint on June 20, 2022 against the Debtor alleging causes of action for (1) breach of contract; (2) common counts; (3) foreclosure of mechanic's lien; (4) violation of statutes; and (5) account stated, Case No. 22CV012997 ("S&C Case"). The Debtor filed a notice of stay on March 7, 2023. A continued case management conference was set for May 16, 2023.

PeopleReady filed a complaint June 22, 2022 against S&C Construction, LLC, Sean Patrick Carroll, Western Surety Company, Navigators Insurance Company, and the Debtor alleging causes of action for: (1) breach of contract; (2) common counts; (3) quantum meriut; (4) recovery on licensed bond; (5) foreclosure of mechanic's lien; and (6) violation of prompt payment statutes, Case No. 22CV013111 ("PeopleReady Case"). The Debtor filed a notice

Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 Fax 714-966-1002

of stay on February 27, 2023. The initial case management conference is scheduled for March 23, 2023. The Debtor anticipates that this matter will be stayed as to the Debtor and that the litigation will continue with regards to the remaining defendants.

## III. PLAN SUMMARY

The Plan is a liquidating Plan. Payments due under the Plan will be made from the sale of the Property. The Debtor expects to receive an offer sufficient to pay all Allowed Claims in full.

## IV. CLASSIFICATION AND TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN

### A. General Overview

As required by the Bankruptcy Code, the Plan classifies Claims in various classes based upon their right to priority. The Plan states whether each class of Claims is impaired or unimpaired. The Plan provides the treatment each class will receive. In no event shall any creditor receive more than the creditor's Allowed Claim, plus interest, to the extent provided herein.

Unless otherwise expressly stated in the Plan, the treatment of Allowed Claims under the Plan supersedes any agreements or rights the holders of those Claims may have in or against the Debtor or its assets and is in full satisfaction of the legal, equitable, and contractual rights of the holders of the Claims.

Unless the Plan provides otherwise, no distributions will be made and no rights retained on account of any Claim that has not become an Allowed Claim.

### B. Treatment of Unclassified Claims

Certain types of Claims are not placed into voting classes but are instead unclassified. They are not considered impaired, and they do not vote on the plan because they are automatically entitled to certain treatment under the Bankruptcy Code. Accordingly, the following Claims have not been placed into a class:

Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 Fax 714-966-1002

### 1. Administrative Expenses

Administrative Claims are Claims for costs or expenses of administering the Debtor's Case that are allowed under Bankruptcy Code Section 507(a)(2). The Bankruptcy Code requires that all Allowed Administrative Claims be paid on the Effective Date, unless a particular claimant agrees to a different treatment.

The following chart lists all of the Debtor's Bankruptcy Code Section 507(a)(2) unpaid Administrative Claims and their treatment under the Plan:

| Description | Estimated Amount Owed | Treatment |
|---|---|---|
| Clerk's Office Fees | $0.00 | Paid in full on or before the Effective Date. |
| Office of United States Trustee | $0.00 | Paid in full on or before the Effective Date. |
| Ordinary-Course Administrative Claims | $0.00 | Unless the Debtor objects to the ordinary-course Administrative Claim, the Claim will be allowed and the person holding the Ordinary-Course Administrative Claim need not file any request for payment of its Claim. The Ordinary-Course Administrative Claim will be paid in full on or before the Effective Date. However, any request for payment, or motion to allow a Claim as an Ordinary-Course Administrative Claim, must be filed with the Court and served on counsel for the Debtor and the OUST by no later than sixty (60) days after the Effective Date |
| Non-Ordinary Course Administrative Claims | $0.00 | To the extent that any Non-Ordinary Course Administrative Claims are allowed, they will be paid in full on or before the Effective Date. |
| Administrative Tax Claims | $0.00 | Unless the Debtor objects to an Administrative Tax Claim or otherwise disputes the Administrative Tax Claim in accordance with applicable law, the Claim will be allowed in accordance with the terms and conditions of the particular transaction that gave rise to the Administrative Tax Claim, and the person holding the Administrative Tax Claim need not file any request for payment of its Claim.<br><br>Any Allowed Administrative Tax Claim will be paid in the ordinary course of business, currently and timely as they are incurred and assessed, unless the Debtor objects to or otherwise disputes such Administrative Tax Claim in accordance with applicable law. In an event of default, and to the extent such Administrative Tax Claim is also secured, the |

Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 Fax 714-966-1002

| | | |
|---|---|---|
| | | payment thereof will include all costs, fees, charges and interest, if applicable, as required under 11 U.S.C. § 506(b) and 511, and applicable non-bankruptcy law. |
| GG | $35,000.00, estimated as of the Effective Date[5] | Paid on the later of (i) the Effective Date or (ii) upon entry of an order approving the Professional Fee Claim, except to the extent that a Holder of such Claim agrees to other terms. |
| **TOTAL** | **$35,000.00** | |

a. Professional Fee Claims

Any professional seeking allowance of a Professional Fee Claim for services rendered prior to the Effective Date in connection with the Debtor's Case must (1) file their application for allowance of compensation and reimbursement of expenses on or before 45 days after the Effective Date or such other date as may be set by the Court, and (2) have their fees and expenses allowed by a final order. Any party in interest may file an objection to such an application within the time provided by the Local Bankruptcy Rules or within any other period that the Court sets. Persons holding Professional Fee Claims who do not timely file and serve their applications for payment will be forever barred from asserting these Claims against the Estate.

**2. Priority Tax Claims**

Priority Tax Claims include certain unsecured income, employment, and other taxes described by Bankruptcy Code Section 507(a)(8). Section 1129(a)(C) of the Bankruptcy Code requires that such holder of such a Priority Tax Claim receive the present value of such Claim in regular installment payments in cash, over a period not exceeding five (5) years from the Petition Date. The following chart lists all the Debtor's known Priority Tax Claims and their treatment under the Plan:

[5] The estimate of Professional Fee Claims is only an estimate and will change based upon the legal or financial services required during this Case and upon what the Court ultimately awards to professionals. The Estate remains liable for all allowed professional fees and costs regardless of the estimates.

Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 Fax 714-966-1002

Case: 23-40185 Doc# 27 Filed: 05/22/23 Entered: 05/22/23 18:22:47 Page 10 of 39

| Description | Amount Owed | Treatment |
|---|---|---|
| Franchise Tax Board ("FTB" | $3,342.78 | To the extent there are funds available from the sale of the Property, the Allowed Priority Tax claim will be paid in full on the Effective Date. Alternatively, the Franchise Tax Board will receive, in full and final satisfaction of such claim, a pro rata share of the remaining proceeds.<br><br>The Debtor believes that the sale proceeds will be sufficient to pay this claim. |

## C. <u>Classified Claims</u>

### 1. Summary of Classes

| Summary of Classes | |
|---|---|
| **Class #** | **Claimant(s)** |
| 1 | Secured Claim of Loan Funder |
| 2 | Secured Claim of PeopleReady |
| 3 | Secured Claim of S&C |
| 4 | Priority Claims |
| 5 | General Unsecured Claims |
| 6 | Interest Holders |

### 2. Secured Claims

Secured Claims are claims secured by liens on property of the Estate. The following are the classes of secured claims and their treatment under the Plan:

| Secured Claims[6] | | | | |
|---|---|---|---|---|
| **Class #** | **Description** | **Insiders (Y/N)** | **Impaired (Y/N)** | **Treatment** |
| 1 | Secured Claim of Loan Funder - $998,203.40 | N | N | The Debtor will pay the secured claim of Loan Funder in full on the Effective Date through the funds received from the sale of the Property. |
| 2 | Secured Claim of PeopleReady - $31,845.50 | N | Y | The Class 2 Claim is disputed by the Debtor. Sufficient funds from the sale proceeds will be reserved in a segregated account to pay the full amount of the Class 2 Claim. Upon further order of the Court determining the extent of PeopleReady's lien, the Class 2 Claim will be paid. |

[6] The claim amounts set forth in this chart are based on the Debtor's records and/or proofs of claim filed by the creditor. Such amounts may vary based on, among other things, the incurrence of interest and/or payments made on account of such Secured Claims following the Petition Date.

Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 Fax 714-966-1002

Case: 23-40185 Doc# 27 Filed: 05/22/23 Entered: 05/22/23 18:22:47 Page 11 of 39

| Secured Claims[6] | | | | |
|---|---|---|---|---|
| **Class #** | **Description** | **Insiders (Y/N)** | **Impaired (Y/N)** | **Treatment** |
| 3 | Secured Claim of S&C - $66,372.16 | N | Y | The Class 3 Claim is disputed by the Debtor. Sufficient funds from the sale proceeds will be reserved in a segregated account to pay the full amount of the Class 3 Claim. Upon further order of the Court determining the extent of S&C's lien, the Class 3 Claim will be paid. |

### 3. Class of Priority Claims

Certain priority claims that are referred to in Bankruptcy Code §§ 507(a)(3), (4), (5), (6), and (7) are required to be placed in classes in a chapter 11 plan. The Bankruptcy Code requires that each holder of a priority claim receive cash on the Effective Date equal to the allowed amount of such Claim. However, a class of unsecured priority claim holders may vote to accept deferred cash payments of a value, as of the Effective Date, equal to the allowed amount of such claim.

Class 4 under this Plan consists of all Priority Unsecured Claims that are referred to in Bankruptcy Code Sections 507(a)(3), (4), (5), (6), and (7). The total amount of Priority Unsecured Claims that have been filed and/or scheduled to date is $0. There are no insiders in Class 4 and Class 4 is unimpaired under the Plan.

### 4. Class of General Unsecured Claims

General unsecured claims are unsecured claims not entitled to priority under Bankruptcy Code § 507(a). The following chart identifies the Plan's treatment of General Unsecured Claims:

Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 Fax 714-966-1002

Case: 23-40185 Doc# 27 Filed: 05/22/23 Entered: 05/22/23 18:22:47 Page 12 of 39

| General Unsecured Claims | | | | |
|---|---|---|---|---|
| **Class #** | **Description** | **Insiders (Y/N)** | **Impaired (Y/N)** | **Treatment** |
| 5 | General Unsecured Claims<br>Estimated total amount of claims: $8,832.24 | N | Y | To the extent there are funds available from the sale of the Property, the Class 5 Claims will be paid in full on the Effective Date. Alternatively, the Class 5 Claims will receive, in full and final satisfaction of such claim, a pro rata share of the remaining proceeds.<br><br>The Debtor believes that the sale proceeds will be sufficient to pay the Class 5 Claims. |

**5. Interest Holders**

Interest holders are the parties who hold ownership interest (*i.e.* equity interest) in the Debtor. The following chart identifies the Plan's treatment of the Class 6 interests:

| Priority Claims | | | | |
|---|---|---|---|---|
| **Class #** | **Description** | **Insiders (Y/N)** | **Impaired (Y/N)** | **Treatment** |
| 6 | Interest Holders | Y | N | All current interest holders will retain their percentage equity membership in the Debtor that they held as of the Petition Date.<br><br>To the extent that there are additional sale proceeds after payment of all other creditors, the surplus will be paid to Class 6. |

## V. MEANS OF EFFECTUATING THE PLAN AND IMPLEMENTATION OF THE PLAN

This section is intended to explain how the Debtor intends to effectuate the Plan, and how the Debtor intends to fund the obligations to holders of Allowed Claims as provided in the Plan. This section provides information regarding the funding sources for Plan obligations and other material issues bearing upon performance of the Plan.

### A. Funding the Plan

The Distributions required to be made under the Plan will be funded by the sale of the Property. The Debtor's broker has estimated that the Property is worth approximately $1,400,000 "as is" and $1,650,000 once completed. It is currently being marketed at

Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 Fax 714-966-1002

$1,500,000. If sold at $1,500,000, after closing costs, the Debtor should have $1,380,000 in proceeds and thus will have sufficient funds to pay all Allowed Claims in full and there will be a surplus for interest holders.

**B. Disbursing Agent**

The Debtor shall act as the disbursing agent for the purpose of making all the distributions provided for under the Plan (the "Disbursing Agent"). The Disbursing Agent shall be not be bonded and will not be entitled to receive compensation for distribution services.

**C. Dissolution of the Debtor**

On the Effective Date, and after the proceeds of the sale of the Property have been distributed as set forth in the Plan, the Debtor shall be dissolved, or shall otherwise wind down, under applicable law.

**D. Risk Factors**

Performance of the obligations under the Plan are subject to various factors and contingencies, some of which are described in this section. The following discussion summarizes some of the material risks associated with the Plan, but is not intended to be exhaustive. Moreover, it should be read in connection with the other disclosures contained in this Disclosure Statement and the Plan. Each creditor, in conjunction with its advisors, should supplement the following discussion by analyzing and evaluating the Plan and Disclosure Statement as a whole. THE RISKS ASSOCIATED WITH THE PLAN MUST BE CAREFULLY CONSIDERED IN DETERMINING WHETHER TO ACCEPT THE PLAN.

The Debtor's ability to make Effective Date payments required by the Plan depends on its ability to sell the Property for an amount sufficient to pay creditors' claims.

**E. Provisions Governing Distributions**

**1. Dates of Distributions**

Effective Date payments shall be deemed timely made if made as soon as practicable after the Effective Date, but, in any event, within fifteen (15) days of the Effective Date. Any distribution required to be made when a Disputed Claim becomes an Allowed

Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 Fax 714-966-1002

Case: 23-40185 Doc# 27 Filed: 05/22/23 Entered: 05/22/23 18:22:47 Page 14 of 39

Claim shall be deemed timely made if made as soon as practicable thereafter, but, in any event, within fifteen (15) days thereafter.

**2. Manner of Distribution**

At the option and in the sole discretion of the Debtor, monetary distributions may be made by (i) wire transfers from, or (ii) a check drawn on a domestic bank approved by the OUST.

**3. Delivery of Distributions in General**

Distributions to holders of Allowed Claims shall be made by the Debtor (a) at the addresses set forth on the proof of claim filed by such holders, (b) at the addresses reflected in the Schedules and/or Amended Schedules, if no proof of claim has been filed and the Debtor has not received a written notice of a change of address, or (c) in the case of a holder of a Claim that is governed by an agreement and is administered by an agent or servicer, at the address (i) set forth on any proof of claim filed by the agent or servicer, (ii) in the Schedules and/or Amended Schedules for the agent or servicer if no proof of claim has been filed, or (iii) contained in the official records of such agent or servicer. Holders of Claims may change their address to which distributions will be sent by filing a written change of address with the Court and serving a copy of the change of address on the Debtor.

If a distribution to any holder of an Allowed Claim is returned to the Debtor as undeliverable or otherwise unclaimed ("Undeliverable Distribution"), the Debtor shall make no further distributions to such holder unless and until the Debtor is notified in writing of such holder's then-current address, at which time all Undeliverable Distributions shall be made to such holder without interest. All Undeliverable Distributions shall be returned to the Debtor until such Undeliverable Distributions are claimed. The Debtor shall, in the case of cash, hold undeliverable distributions in a segregated interest-bearing account for Undeliverable Distributions until such Undeliverable Distributions become deliverable, are claimed, or are forfeited. Nothing contained in the Plan shall require the Debtor, or anyone else, to attempt to locate the intended recipient of an Undeliverable Distribution.

Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 Fax 714-966-1002

Case: 23-40185 Doc# 27 Filed: 05/22/23 Entered: 05/22/23 18:22:47 Page 15 of 39

Any holder of an Allowed Claim that does not present itself within six (6) months of the distribution date upon which the Undeliverable Distribution was made shall be deemed to have forfeited its right or claim to or interest in the Undeliverable Distribution and shall be forever barred and enjoined from asserting any Claim for the Undeliverable Distribution against the Debtor and its Estate, and their respective agents, attorneys, representatives, employees or independent contractors, and/or any of their property. In such cases, the Undeliverable Distribution and accrued interest thereon shall become property of the Debtor free and clear of any restrictions thereon and notwithstanding any federal or state escheat laws to the contrary and shall be distributed in accordance with the terms of the Plan.

**4. Rounding Payments**

The Debtor shall not be required to make distributions or payments of fractions of dollars. Whenever any payment of a fraction of a dollar under this Plan would otherwise be called for, the actual payment shall reflect a rounding of such fraction to the nearest whole dollar (up or down), with half dollars being rounded down.

**5. Interest on Claims**

Unless otherwise specifically provided for in the Plan, post-petition interest shall not accrue or be paid on any Claims, and no holder of a Claim shall be entitled to interest accruing on or after the Petition Date on any Claim.

**6. Compliance with Tax Requirements**

In connection with the Plan, and all distributions under the Plan, the Debtor shall, to the extent applicable, comply with all tax withholding, payment, and reporting requirements imposed by federal, state, or local taxing authorities. The Debtor shall be authorized to take any and all actions that may be necessary or appropriate to comply with such withholding, payment, and reporting requirements. All amounts properly withheld from distributions to a holder of a Claim as required by applicable law and paid over to the applicable taxing authority for the account of such holder shall be treated as part of the distributions to such holder. All persons holding Claims shall be required to provide any information necessary to effect information reporting and withholding of such taxes. If such information has not

Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 Fax 714-966-1002

been received by the Debtor, then the Debtor may, at its option, withholding the amount required and distribute the balance to such holder or decline to make the distribution until the information is received.

Notwithstanding any of provision of the Plan, (a) each holder of an Allowed Claim that is to receive a distribution pursuant to the Plan shall have sole and exclusive responsibility for the satisfaction and payment of any tax obligations imposed by any governmental unit, including income, withholding, and other tax obligations, on account of such distribution, and (b) no distribution shall be made to or on behalf of such holder pursuant to the Plan unless and until such holder has made arrangements satisfactory to the Reorganized Debtor for the payment and satisfaction of such withholding tax obligations or such tax obligation that would be imposed upon the Debtor in connection with such distribution. Any property to be distributed pursuant to the Plan shall, pending implementation of such arrangements, be treated as an Undeliverable Distribution pursuant to Section III.D.3 above.

**7. De Minimis Distributions**

The Debtor shall not have any obligations to make a distribution on account of an Allowed Claim if the amount to be distributed to the specific holder of the Allowed Claim on a distribution date is for an amount of $5.00 or less, and may, at the Debtor's option, either add the distribution to the next distribution, if the collective amount would be greater than $5.00, or treat the distribution as an Undeliverable Distribution.

**8. Setoffs**

Except as otherwise stated in the Plan, the Debtor may, pursuant to Bankruptcy Code Section 553 or applicable non-bankruptcy law, but shall not be required to, set off against any Allowed Claim and the distribution to be made pursuant to the Plan on account of such Allowed Claim any account stated, claim, right, or cause of action which the Debtor or the Estate possess against the holder of such Allowed Claim; provided, however, that neither the failure to effect such a setoff nor the allowance of any clam shall constitute a waiver or

Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 Fax 714-966-1002

Case: 23-40185 Doc# 27 Filed: 05/22/23 Entered: 05/22/23 18:22:47 Page 17 of 39

release by the Debtor of any such account, claim, right, and cause of action that the Debtor or the Estate may possess against the holder of such Allowed Claim.

## F. Procedures for Disputed, Contingent, or Unliquidated Claims

### 1. Standing and Claim Objection Deadline

The Debtor or any other party interest shall have up until 180 days after the Effective Date to file objections to Claims. The Debtor or any other party in interest may obtain an extension of this date by filing a motion based upon a showing of "cause."

### 2. No Distribution Pending Allowance of Claims

Notwithstanding any other provision of the Plan, no payments or distribution shall be made with respect to all or any portion of a Disputed Claim unless and until all objections to such Disputed Claim have been settled or withdrawn or have been determined by a final order, and the Disputed Claim, or some portion thereof, has become an Allowed Claim; provided, however, that if the only dispute regarding a Disputed Claim is to the amount of the Disputed Claim, the holder of a Disputed Claim shall be entitled to a distribution on account of that portion of the Disputed Claim which the Debtor does not dispute at the time and in the manner that the Debtor makes distributions to the holders of Allowed Claims pursuant to the provisions of the Plan.

A Disputed Claim is a Claim that has not been allowed or disallowed and to which either: (i) a proof of claim has been filed or deemed filed and the Debtor or another party in interest has filed an objection; (ii) no proof of claim has been filed and the Claim was not scheduled, or the Debtor has scheduled such Claim as disputed, contingent, unliquidated, or unknown; or (iii) has been specifically identified in this Disclosure Statement and the Plan as disputed. Both class 2 and class 3 Claims are Disputed Claims.

The Debtor will have the power and authority to settle and compromise a Disputed Claim with Court approval and compliance with Bankruptcy Rule 9019, unless the amount allowed by the compromise does not exceed $5,000.00, in which case no Court approval is necessary.

Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 Fax 714-966-1002



Case: 23-40185 Doc# 27 Filed: 05/22/23 Entered: 05/22/23 18:22:47 Page 18 of 39

### 3. Reserves on Account of Disputed Claims

a. Establishment and Maintenance of a Reserve for Disputed Claims

The Debtor shall maintain a disputed Claim reserve ("Disputed Claim Reserve") at an amount equal to the aggregate of 100% of the distributable amounts to which holders of such Disputed Claims would be entitled under the Plan if such Disputed Claims were Allowed Claims in their Disputed Claim amounts or such lesser amount as required by a final order of the Court. The Court may fix or liquidate the amount of any Disputed Claims pursuant to Bankruptcy Code Section 502(c), in which event the amounts so fix or liquidated shall be deemed the amounts of the Disputed Claims for purposes of distribution under the Plan. In lieu of fixing or liquidating the amount of any Disputed Claim, the Court may determine the amount to be reserved for such Disputed Claim or such amount may be fixed by agreement in writing between the Debtor and the holder of a Disputed Claim.

b. Distributions upon Allowance of Disputed Claims

The holder of a Disputed Claim that becomes an Allowed Claim shall receive distributions in cash from the Disputed Claims Reserve as set forth in, and subject to, the terms of the Plan. Such distributions shall be made in accordance with the Plan based upon the distributions that would have been made to such holder under the Plan if the Disputed Claim had been an Allowed Claim on or prior to the Effective Date. No holder of a Disputed Claim shall have any claim against the Disputed Claims Reserve with respect to such Disputed Claim until such Disputed Claim becomes an Allowed Claim, and no holder of a Disputed Claim shall have any right to interest on such Disputed Claim.

### 4. Estimation

The Debtor may at any time request that the Court estimate any contingent, unliquidated, or disputed claim pursuant to Bankruptcy Code Section 502(c) regardless of whether the Debtor previously objected to such Claim, and the Court shall retain jurisdiction to estimate any Claims at any time during litigation concerning any objection to any Claim, including, without limitation, during the pendency of any appeal relating to any such

Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 Fax 714-966-1002

objection. In the event that the Court estimates any contingent, unliquidated, or disputed Claim, the amount so estimated shall constitute either the allowed amount of such Claim or a maximum limitation on such Claim, as determined by the Court. If the estimated amount constitutes a maximum limitation on the amount of such Claim, the reorganized Debtor may pursue supplementary proceedings to object to the allowance of such Claim. All of the aforementioned objection, estimation, and resolution procedures are intended to be cumulative and not exclusive of one another. On and after the Effective Date, Claims that have been estimated may be compromised, settled, withdrawn, or otherwise resolved subsequently, without further order of the Court.

**G. Injunctions**

The Plan Confirmation Order shall enjoin the prosecution, whether directly or derivatively or otherwise, of any Claim, obligation, suit, judgment, damage, demand, debt, right, cause of action, liability or interest released, discharged or terminated pursuant to the Plan. Except as provided in the Plan or the Plan Confirmation Order, as of the Effective Date, all entities that have held, currently hold, or may hold a Claim or other debt or liability that is discharged or an interest or other right of a creditor or equity security holder that is extinguished pursuant to the terms of the Plan are permanently enjoined from taking any of the following actions against the Debtor or its property on account of any such discharged Claims, debts or liabilities or extinguished interests or rights: (i) commencing or continuing, in any manner or in any place, any action or other proceeding, including any foreclosure sale proceeding; (ii) enforcing, attaching, collecting or recovering in any manner any judgment, award, decree or order; (iii) creating, perfecting or enforcing any lien or encumbrance; (iv) asserting a setoff, right of subrogation or recoupment of any kind against any debt, liability or obligation due to the Debtor; and (v) commencing or continuing any action in any manner, in any place, that does not comply with or is inconsistent with the provisions of the Plan. By accepting distribution pursuant to this Plan, each holder of an Allowed Claim receiving distributions pursuant to this Plan shall be deemed to have specifically consented to the injunctions set forth in this section.

Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 Fax 714-966-1002

Case: 23-40185 Doc# 27 Filed: 05/22/23 Entered: 05/22/23 18:22:47 Page 20 of 39

Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 Fax 714-966-1002

**H. Executory Contracts and Unexpired Leases**

**1. Rejection of Executory Contracts and Unexpired Leases**

The Debtor is not assuming or assigning any executory contracts or unexpired leases. However, to the extent necessary, the Debtor will be assuming the listing agreement with its broker until such time as the Property is sold.

The Debtor is conclusively deemed to have rejected all executory contracts and unexpired leases not previously assumed as of the Effective Date. A proof of claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than 30 days after entry of the Confirmation Order. Claims arising from the rejection of an executory contract or unexpired lease under this section are General Unsecured Claims in Class 5, except to the extent this Court orders otherwise. Any such damage Claims that are not timely Filed and served will be forever barred and unenforceable against the Debtor, the Estate, and their respective property. Persons holding these Claims who fail to timely file Claims will be barred from receiving any Distributions under the Plan on account of their requested damage Claims.

**I. Changes in Rates Subject to Regulatory Commission Approval**

The Debtor is not subject to any governmental regulatory commission approval of its rates.

**J. Preservation of Causes of Action and Avoidance Actions**

The Debtor reserves for the Estate and the Debtor all rights to commence and pursue, as appropriate, any and all causes of action and avoidance actions, whether arising prior to or after the Petition Date, in any court or other tribunal, including without limitation, in an adversary proceeding filed in the Court, except for as otherwise provided in the Plan. On the Effective Date, the Debtor will be vested with the authority to enforce, file, litigate, prosecute, settle and collect with respect to causes of action and avoidance actions, although it will not be required to do so and the determination of whether to do so will be made solely by the Debtor in its absolute discretion.

Case: 23-40185 Doc# 27 Filed: 05/22/23 Entered: 05/22/23 18:22:47 Page 21 of 39

Unless a cause of action or avoidance action against any person is expressly waived, relinquished, released, compromised, or settled as provided or identified in the Plan, the Plan Confirmation Order, or any prior order of the Court, the Debtor expressly reserves any causes of action and avoidance actions for later adjudication. Therefore, no preclusion doctrine, including, without limitation, the doctrine of *res judicata*, collateral estoppel, issue preclusion, claim preclusion, estoppel (judicial, equitable, or otherwise) or laches shall apply to such causes of action or avoidance actions upon or after confirmation or consummation of the Plan. All avoidance actions and other causes of action are preserved under the Plan for the benefit of the Estate, except as otherwise provided for in the Plan. Any recoveries from avoidance actions and/or other causes of action will be paid to the Reorganized Debtor.

ANY CREDITORS THAT BELIEVE THEY RECEIVED A TRANSFER OR SETOFF THAT IS AVOIDABLE UNDER THE CODE OR THAT HOLDS A CLAIM AGAINST THE ESTATE THAT COULD BE SUBJECT TO AN OBJECTION BASED UPON FAILURE TO RETURN AN AVOIDABLE TRANSFER OR SETOFF, ARE DIRECTED TO REVIEW THEIR RECORDS AND/OR THE DEBTOR'S SCHEDULES FOR FURTHER INFORMATION, HOWEVER, ALL RIGHTS OF THE DEBTOR AND THE ESTATE ARE RESERVED WITH RESPECT TO ANY AND ALL TRANSFERS OR SETOFF WHICH MAY BE AVOIDABLE UNDER THE BANKRUPTCY CODE.

All professional fees incurred in pursuing the avoidance actions or other causes of action shall be paid by the Debtor without the necessity of a Court order. However, the Court will reserve exclusive jurisdiction to decide any and all disputes regarding payment of the fees and costs related to post-confirmation professional fees, upon request of a party-in-interest and after notice and a hearing.

**K. <u>Retention of Jurisdiction</u>**

After confirmation of the Plan and occurrence of the Effective Date, in addition to any jurisdiction which exists in any other court, the Court will retain such jurisdiction as is legally permissible including for the following purposes:

Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 Fax 714-966-1002

Case: 23-40185 Doc# 27 Filed: 05/22/23 Entered: 05/22/23 18:22:47 Page 22 of 39

i. To resolve any and all disputes regarding the operation and interpretation of the Plan;

ii. To resolve any and all disputes regarding the operation and interpretation of the Plan Confirmation Order;

iii. To determine the allowability, classification, or priority of Claims upon objection by the Debtor or any other parties in interest with standing to bring such objection or proceeding, and to consider any objection to Claims whether such objection is filed before or after the Effective Date;

iv. To determine the extent, validity, and priority of any lien asserted against property of the Debtor or property of the Debtor' Estate;

v. To construe and take any action to enforce the Plan, the Plan Confirmation Order, and any other order of the Court, issue such orders as may be necessary for the implementation, execution, performance, and consummation of the Plan and the Plan Confirmation Order, and all matters referred to in the Plan and the Plan Confirmation Order, and to determine all matters that may be pending before the Court in this Case on or before the Effective Date with respect to any person or entity related thereto;

vi. To determine (to the extent necessary) any and all applications for allowance of compensation and reimbursement of expenses of professionals for the period on or before the Effective Date;

vii. To determine any request for payment of administrative expenses;

viii. To determine motions for rejection, assumption, or assignment of executory contracts or unexpired leases filed before the Effective Date and the allowance of any Claims resulting therefrom;

ix. To determine all applications, motions, adversary proceedings, contested matters, and any other litigated matters instituted during

Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 Fax 714-966-1002

the pendency of this Case whether before, on, or after the Effective Date, including avoidance causes of action;

x. To determine such other matters and for such other purposes as may be provided in the Plan Confirmation Order;

xi. To modify the Plan under Bankruptcy Code Section 1127 in order to remedy any apparent defect or omission in the Plan or to reconcile any inconsistency in the Plan so as to carry out its intent and purpose;

xii. Except as otherwise provided in the Plan or the Plan Confirmation Order, to issue injunctions, to take such other actions or make such other orders as may be necessary or appropriate to restrain interference with the Plan or the Plan Confirmation Order, or the execution or implementation by any person or entity of the Plan or the Plan Confirmation Order;

xiii. To issue such orders in aid of consummation of the Plan or the Plan Confirmation Order, notwithstanding any otherwise applicable nonbankruptcy law, with respect to any person or entity, to the fullest extent authorized by the Bankruptcy Code or Bankruptcy Rules; and

xiv. To enter a final decree closing this Case.

## VI. TAX CONSEQUENCES OF THE PLAN

CREDITORS CONCERNED WITH HOW THE PLAN MAY AFFECT THEIR TAX LIABILITY SHOULD CONSULT WITH THEIR OWN ACCOUNTANTS, ATTORNEYS, AND/OR ADVISORS. The following disclosure of possible tax consequences is intended solely for the purpose of alerting readers about possible tax issues the Plan may present to the Debtor. The Debtor and its professionals cannot and do not represent that the tax consequences contained below are the only tax consequences of the Plan because the Tax Code embodies many complicated rules which make it difficult to state completely and accurately all of the tax implications of any action.

Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 Fax 714-966-1002

Due to the unsettled and complex nature of some of the tax issues, as well as the possibility that developments subsequent to the date hereof could affect the tax consequences of the Plan, the following discussion should not be regarded as definitive or as covering all possible tax consequences. Additionally, this summary does not discuss all aspects of federal income taxation that may be relevant to a particular creditor in light of its individual circumstances or to certain creditors subject to special treatment under the federal income tax law (for example, life insurance companies, tax-exempt organizations, foreign corporations and individuals who are not citizens or residents of the United States).

As stated above, creditors concerned with how the Plan will affect their own tax liability should consult with their own accountants, attorneys, and/or advisors. The Debtor is still in the process of determining the tax consequences of the Plan but does not believe that there will be a material taxable event. The Debtor does not expect adverse consequences materially affecting the distributions to the holders of Allowed Claims under the Plan.

## VII. CONFIRMATION REQUIREMENTS AND PROCEDURES

PERSONS OR ENTITIES CONCERNED WITH CONFIRMATION OF THE PLAN SHOULD CONSULT WITH THEIR OWN ATTORNEYS BECAUSE THE LAW ON CONFIRMING A PLAN OF REORGANIZATION IS VERY COMPLEX. The following discussion is intended solely for the purpose of alerting readers about basic confirmation issues, that they may wish to consider, as well as certain deadlines for filing Claims. The Debtor cannot and does not represent that the discussion contained below is a complete summary of the law on this topic.

Many requirements must be met before the Court can confirm a plan. Some of the requirements include that the plan must be proposed in good faith, acceptance of the plan, whether the plan pays creditors at least as much as creditors would receive in a chapter 7 liquidation, and whether the plan is feasible. These requirements are not the only requirements for confirmation.

### A. Who May Vote or Object

Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 Fax 714-966-1002

Case: 23-40185 Doc# 27 Filed: 05/22/23 Entered: 05/22/23 18:22:47 Page 25 of 39

Any party in interest may object to the confirmation of the Plan, but as explained below, not every is entitled to vote to accept or reject the Plan.

**B. <u>Who May Vote to Accept/Reject the Plan</u>**

A creditor has a right to vote for or against the Plan if that creditor has a Claim that is both (1) allowed or allowed for voting purposes and (2) classified in an impaired class.

**C. <u>What is an Allowed Claim</u>**

As noted above, a creditor must first have any Allowed Claim to have the right to vote. Generally, any proof of claim will be allowed, unless a party in interest files an objection to the Claim. When an objection to a Claim is filed, the creditor holding the Claim cannot vote unless the Court, after notice and a hearing, either overrules the objection or allows the Claim for voting purposes.

THE BAR DATE FOR FILING A PROOF OF CLAIM IN THIS CASE ON ACCOUNT OF PRE-PETITION CLAIMS IS JUNE 20, 2023 WITH RESPECT TO ALL CREDITORS EXCEPT FOR GOVERNMENTAL UNITS AND, AS INDICATED ABOVE, CLAIMS RESULTING FROM THE DEBTOR'S REJECTION OF AN EXECUTORY CONTRACT OR UNEXPIRED LEASE. THE BAR DATE FOR GOVERNMENTAL UNITS TO FILE A PROOF OF CLAIM IN THIS CASE ON ACCOUNT OF PRE-PETITION CLAIMS IS AUGUST 19, 2023 (i.e., 180 days after the Petition Date). A creditor may have an Allowed Claim even if a proof of claim or interest was not timely filed. A Claim is deemed allowed if (1) it is scheduled on the Debtor's schedules and such Claim is not scheduled as disputed, contingent, or unliquidated, and (2) no party in interest has objected to the Claim.

**D. <u>What is an Impaired Claim</u>**

As noted above, the holder of an Allowed Claim has the right to vote only if it is in a class that is impaired under the Plan. A class is impaired if the Plan alters the legal, equitable, or contractual rights of the members of that class. For example, a class comprised of General Unsecured Claims is impaired if the Plan fails to pay the members of that class 100% of what they are owed.

Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 Fax 714-966-1002

The Debtor believes that members of classes 2, 3, and 5 are impaired and that the members of classes 2, 3, and 5 are entitled to vote to accept or reject the Plan. The Debtor believes that the members of classes 1 and 6 are not impaired and are therefore not entitled to vote to accept or reject the Plan as they are deemed to have accepted the Plan. Parties who dispute the Debtor's characterization of their Claim as being impaired or unimpaired may file an objection to the Plan contending that the Debtor has incorrectly characterized the class.

**E. Who is Not Entitled to Vote**

The following four types of Claims are not entitled to vote: (1) Claims that have been disallowed; (2) Claims in unimpaired classes; (3) Claims entitled to priority pursuant to Bankruptcy Code Sections 507(a)(2), (a)(3), and (a)(8); and (4) Claims in classes that do not receive or retain any value under the Plan. Claims in unimpaired classes are not entitled to vote because such classes are deemed to have accepted the Plan. Claims entitled to priority pursuant to Bankruptcy Code Sections 507(a)(2), (a)(3), and (a)(8) are not entitled to vote because such Claims are not placed in classes, and they are required to receive certain treatment specified by the Bankruptcy Code. Claims in classes that do not receive or retain any value under the Plan do not vote because such classes are deemed to have rejected the Plan. EVEN IF YOUR CLAIM IS OF THE TYPE DESCRIBED ABOVE, YOU MAY STILL HAVE A RIGHT TO OBJECT TO THE CONFIRMATION OF THE PLAN.

**F. Who Can Vote in More than One Class**

A creditor whose Claim has been allowed in part as a Secured Claim and in part as an unsecured Claim is entitled to accept or reject the Plan in both capacities by casting one ballot for the secured part of the Claim and another ballot for the unsecured Claim.

**G. Votes Necessary to Confirm the Plan**

If impaired classes exist, the Court cannot confirm the Plan unless (1) at least one impaired class has accepted the Plan without counting the votes of any insiders within that class, and (2) all impaired classes have voted to accept the Plan, unless the Plan is eligible to be confirmed by "cramdown" on non-accepting classes, as discussed below.

Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 Fax 714-966-1002

Case: 23-40185 Doc# 27 Filed: 05/22/23 Entered: 05/22/23 18:22:47 Page 27 of 39

### H. Votes Necessary for a Class to Accept the Plan

A class of Claims is considered to have accepted the Plan when more than one-half (1/2) in number and at least two-thirds (2/3) in dollar amount of the Claims which actually voted on the Plan, voted in favor of the Plan.

### I. Treatment of Non-Accepting Classes

As noted above, even if all impaired classes do not accept the Plan, the Court may nonetheless confirm the Plan if the non-accepting classes are treated in the manner required by the Bankruptcy Code. The process by which non-accepting classes are forced to be bound by the terms of a plan is commonly referred to as "cramdown." The Bankruptcy Code allows the Plan to be "crammed down" on non-accepting classes of Claims if it meets all consensual requirements except the voting requirements of Bankruptcy Code Section 1129(a)(8) and if the Plan does not "discriminate unfairly" and is "fair and equitable" toward each impaired class that has not voted to accept the Plan as referred to in Bankruptcy Code Section 1129(b) and applicable case law.

### J. Request for Confirmation Despite Nonacceptance by Impaired Class(es)

The Debtor will ask the Court to confirm the Plan by cramdown on any and all impaired classes that do not vote to accept the Plan.

### K. Liquidation Analysis

Another confirmation requirement is the "Best Interest Test," which requires a liquidation analysis. Under the Best Interest Test, if a claimant is in an impaired class and that claimant does not vote to accept the Plan, then that claimant must receive or retain under the Plan property of a value not less than the amount that such holder would receive or retain if the Debtor was liquidated under Chapter 7 of the Bankruptcy Code.

In a Chapter 7 case, a debtor's assets are usually sold by the Chapter 7 trustee. Secured creditors are paid first from the sales proceeds of properties on which the secured

Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 Fax 714-966-1002

Case: 23-40185 Doc# 27 Filed: 05/22/23 Entered: 05/22/23 18:22:47 Page 28 of 39

creditor has a lien. Administrative Claims are paid next. Next, unsecured creditors are paid from any remaining sales proceeds, according to their rights to priority. Unsecured creditors with the same priority share in proportion to the amount of their Allowed Claim in relationship to the amount of total allowed unsecured Claims.

For the Court to be able to confirm the Plan, the Court must find that all creditors who do not accept the Plan will receive at least as much under the Plan as such holders would receive under a Chapter 7 liquidation of the Debtor. The Debtor maintains that this requirement is clearly met in this case.

To confirm the Plan, the Court must find that all creditors and equity interest holders who do not accept the Plan will receive at least as much under the Plan as such claim or equity interest holders would receive in a chapter 7 liquidation. Because the Plan provides payment of all of the allowed claims in full, the Plan provides at least as much as such creditor would receive in a hypothetical chapter 7 liquidation.

**L. <u>Feasibility</u>**

Another requirement for confirmation involves the feasibility of the Plan, which means that confirmation of the Plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the Debtor.

There are at least two important aspects of a feasibility analysis. The first aspect considers whether the Debtor will have enough cash on hand on the Effective Date to pay all the Claims and expenses that are entitled to be paid on such date. Based upon the value of the Property and the amount of claims asserted in the Case, the Debtor anticipates that at the Effective Date it will have funds on hand to make necessary payments under the Plan.

The second aspect considers whether the Debtor will have enough cash over the life of the Plan to make the required Plan payments. The Debtor has satisfied this aspect as well. Even after payment of amounts due on the Effective Date, the Debtor expects to have sufficient sale proceeds to pay all creditors in full. All payments will be made on the Effective Date as this is a liquidating plan.

Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 Fax 714-966-1002

Case: 23-40185 Doc# 27 Filed: 05/22/23 Entered: 05/22/23 18:22:47 Page 29 of 39

In sum, the Debtor believes that it will have sufficient cash on hand on the Effective Date to fund all Effective Date payments.

YOU ARE ADVISED TO CONSULT WITH YOUR ACCOUNTANT OR FINANCIAL ADVISOR IF YOU HAVE ANY QUESTIONS PERTAINING TO ANY OF THE DEBTOR'S FINANCIAL STATEMENTS.

## VIII. EFFECT OF CONFIRMATION OF THE PLAN

### A. Discharge

The Debtor will not receive a discharge under this Plan pursuant to and in accordance with the provisions of Section 1141 of the Bankruptcy Code because this Plan contemplates and will result in a sale or liquidation of all or substantially all of the property of the Debtor's Estate.

### B. Exculpations and Releases

Effective upon the entry of the Plan Confirmation Order, to the maximum extent permitted by law, neither the Debtor nor any of its employees, officers, directors, shareholders, agents, members, representatives, or professionals employed or retained by any of them, shall have or incur any liability to any person or entity, including any creditor of the Debtor, for any act taken or omission made in connection with or related to the negotiation, formulation, or preparation of the Plan and the Disclosure Statement, the approval of the Disclosure Statement, the confirmation of the Plan, the consummation of the Plan, or the administration of the Plan, the Case, or the property to be distributed under the Plan, except that the Reorganized Debtor will be liable for performance and obligations assumed by it or imposed upon it under or by the Plan.

### C. Plan Creates New Obligations

Except as otherwise stated in the Plan, the payments promised in the Plan constitute new contractual obligations that replace those obligations to creditors that existed prior to the Effective Date.

### D. Creditor Action Restrained

Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 Fax 714-966-1002

Case: 23-40185 Doc# 27 Filed: 05/22/23 Entered: 05/22/23 18:22:47 Page 30 of 39

Creditors may not take any action to enforce either preconfirmation obligations or obligations due under the Plan, so long as the Debtor is not in material default under the Plan. If the Debtor is in material default under the Plan, affected creditors may: (i) take any action permitted under nonbankruptcy law to enforce the terms of the Plan; or (ii) move to dismiss this case or to convert this case to a chapter 7 bankruptcy case.

**E. Material Default Defined**

If the Debtor fails to make any payment required under the Plan, or to perform any other obligation required under the Plan for more than fourteen (14) days after the time specified in the Plan, the affected creditor may serve upon the Debtor and the Debtor's counsel a written notice of default. The Debtor is in material default under the Plan if the Debtor fails within twenty-one (21) days of the service of such notice of default, plus three (3) additional days if served by mail, either: (i) to cure the default, or (ii) to obtain from the Court an extension of time to cure the default or a determination that no default occurred.

**F. Modification of the Plan**

The Debtor may modify the Plan at any time before confirmation, subject to Bankruptcy Code Section 1127(a). If the Plan is modified, however, the Court may require a new disclosure statement or re-voting on the Plan depending upon the nature of the modifications and their effect on parties in interest. The Debtor may also seek to modify the Plan at any time after confirmation subject to Bankruptcy Code Section 1127(b) if: (i) the Plan has not been substantially consummated; and (ii) the Court, after notice and a hearing, authorizes the proposed modification.

**G. Post-Confirmation Status Report**

Within 120 days of entry of the Plan Confirmation Order, the Debtor shall file a status report with the Court explaining what progress has been made towards consummation of the confirmed Plan. The status report shall be served on the OUST and the parties who have requested special notice. Further status reports shall be filed every 120 days and served on the same entities.

**H. Quarterly Fees**

Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 Fax 714-966-1002

Quarterly fees accruing under 28 U.S.C. § 1930(a)(6) prior to confirmation shall be paid to the OUST on or before the Effective Date. Quarterly fees accruing under 28 U.S.C. § 1930(a)(6) after confirmation shall be paid to the OUST by the Debtor until a final decree, or the entry of an order dismissing the case or converting the case to Chapter 7, at the rate in effect at the time such fees are due.

**I. Post-Confirmation Conversion/Dismissal**

After the Plan is confirmed, the Court, upon a motion by a creditor or party in interest and after notice and a hearing, may convert this case to one under Chapter 7 of the Bankruptcy Code or dismiss this case under Bankruptcy Code Section 1112(b) upon a showing of cause therefore, including, without limitation, if there is a material default by the Reorganized Debtor with respect to the confirmed Plan. If the Court orders the case converted to Chapter 7 after the Plan is confirmed, then all property that had been property of the Estate and that has not been distributed under the Plan will revest in the Chapter 7 estate. The automatic stay provisions of Bankruptcy Code Section 362(a) will be reimposed upon the revested property only to the extent that relief from stay was not previously authorized by the Court during the case.

The Plan Confirmation Order may also be revoked under very limited circumstances. Pursuant to Bankruptcy Code Section 1144, the Court may revoke the Plan Confirmation Order if it was procured by fraud and if a party in interest brings an adversary proceeding to revoke the confirmation within 180 days after the entry of the Plan Confirmation Order.

**J. Final Decree**

Pursuant to Bankruptcy Rule 3022, a final decree may not be entered until a bankruptcy case is fully administered. The Court may, however, allow a final decree to be entered at an earlier date if requested, or for cause shown.

## IX. GENERAL PROVISIONS

**A. Definitions and Rules of Construction**

Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 Fax 714-966-1002

Case: 23-40185 Doc# 27 Filed: 05/22/23 Entered: 05/22/23 18:22:47 Page 32 of 39

The definitions and rules of construction set forth in §§ 101 and 102 of the Bankruptcy Code shall apply when terms defined and construed in the Bankruptcy Code are used in the Plan.

**B. Cramdown**

The Debtor reserves the right to seek confirmation of the Plan notwithstanding rejection of the Plan by one or more classes of creditors, pursuant to 11 U.S.C. § 1129(b).

**C. Binding Effect**

The rights and obligations of any entity named or referred to in the Plan will be binding upon and will inure to the benefit of the successors or assigns of such entity.

**D. Captions**

The headings contained in the Plan are for convenience or reference only and do not affect the meaning or interpretation of the Plan.

**E. Controlling Effect**

Unless a rule of law or procedure is supplied by federal law (including the Bankruptcy Code or Bankruptcy Rules), the laws of the State of California govern the Plan and any agreements, documents, and instruments executed in connection with the Plan, except as otherwise provided in the Plan.

Dated: May 19, 2023

Respectfully submitted,

GOLDEN GOODRICH LLP

/s/ David M. Goodrich

By: ______________________________
DAVID M. GOODRICH
BETH E. GASCHEN
Counsel for 20205WY-01, LLC

Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 Fax 714-966-1002

Case: 23-40185 Doc# 27 Filed: 05/22/23 Entered: 05/22/23 18:22:47 Page 33 of 39

Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 Fax 714-966-1002

**TABLE OF DEFINITIONS**

**"Administrative Claim"** means and refers to a Claim against the Debtor for administrative costs or expenses that are allowable under Bankruptcy Code §§ 507(a)(2) and 503(b).

**"Administrative Tax Claim"** means and refers to an Administrative Claim or other Claim that is not an allowed secured Claim that a government unit asserts against the Debtor for taxes (or for related interest or penalties) for any tax period that, either in whole or in part, falls within the period beginning on the Petition Date and ending on the Effective Date.

**"Allowed Claim"** means and refers to a Claim against the Debtor, other than an Administrative Claim, to the extent that:

(a) Either: (i) a proof of claim was filed by the applicable claims bar date; or (ii) a proof of claim is deemed timely filed under Bankruptcy Rule 3003(b)(1) or by a Final Order; and

(b) Either: (i) the Claim is not a Disputed Claim; (ii) the Claim is allowed by a Final Order; or (iii) the Claim is allowed under the Plan.

**"Allowed [Class Designation and/or Secured, Priority, or General Unsecured] Claim"** means and refers to an Allowed Claim in the specified class and/or of the specified type.

**"Amended Schedules"** means and refers to the amended Schedule A/B and G on filed March 15, 2023 and Schedule I & J filed on April 5, 2023.

**"Bankruptcy Code" or "Code"** means and refers to Title 11 of the United States Code, as amended.

**"Bankruptcy Rule"** means and refers to the Federal Rules of Bankruptcy Procedure.

**"Best Interest Test"** means and refers the confirmation requirement in Bankruptcy Code § 1129(a)(7).

**"Case"** means and refers to the Debtor's case under chapter 11 of the Bankruptcy Code that is pending before the Court, as Case No. 23-40185 WJL.

**"Claim**" means and refers to a claim, as the term "claim" is defined in Bankruptcy Code §101(5), against the Debtor.

**"Claims Bar Date"** means and refers to June 20, 2023.

**"Court"** means and refers to the United States Bankruptcy Court for the Northern District of California, Oakland Division.

**"Debtor"** means and refers to 20205WY-01, LLC.

**"Disbursing Agent"** means and refers to the Debtor acting as disbursing agent for purposes of making the distributions provided for under the Plan.

**"Disclosure Statement"** means and refers to Disclosure Statement Describing Chapter 11 Plan of Liquidation Dated May 19, 2023.

**"Disputed Claim"** means and refers to a Claim that has not been allowed or disallowed and to which either: (i) a proof of claim has been filed or deemed filed and the Debtor or another party in interest has filed an objection; (ii) no proof of claim has been filed and the Claim was not scheduled, or the Debtor has scheduled such Claim as disputed, contingent, unliquidated, or unknown; or (iii) has been specifically identified in this Disclosure Statement and the Plan as disputed.

**"Disputed Claim Reserve"** means and refers the reserve of funds for Disputed Claims that the Debtor shall maintain.

**"Effective Date"** means and refers to the later of: (1) the close of the sale of the Property, or (2) the first Business Day that is at least 15 days after the entry of the Confirmation Order, provided there has been no order staying the effectiveness of the Confirmation Order.

**"Final Order"** means and refers to an order or judgment of the Court entered on the Court's docket:

(a) That has not been reversed, rescinded, stayed, modified, or amended;

(b) That is in full force and effect; and

Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 Fax 714-966-1002

Case: 23-40185 Doc# 27 Filed: 05/22/23 Entered: 05/22/23 18:22:47 Page 35 of 39

(c) With respect to which (i) the time for appeal or to seek review, remand, rehearing, or a writ of certiorari has expired and as to which no timely filed appeal or petition for review, rehearing, remand, or wirt of certiorari is pending, or (ii) any such appeal or petition has been dismissed or resolved by the highest court to which the order or judgment was appealed or from which review, rehearing, remand, or a writ of certiorari was sought.

**"FTB"** means and refers to the Franchise Tax Board.

**"GG"** means and refers to Golden Goodrich LLP.

**"GG Employment Application"** means and refers to the *Application of the Debtor and Debtor-in-Possession to Employ Counsel*, filed by the Debtor on March 14, 2023.

**"General Unsecured Claim"** means and refers to an unsecured Claim against the Debtor, however arising, not entitled to priority under Section 507 of the Bankruptcy Code.

**"Loan Funder"** means and refers to Loan Funder, LLC.

**"Non-Ordinary Course Administrative Claims"** means and refers to Administrative Claims that are not Ordinary-Course Administrative Claims, Administrative Tax Claims, or Professional Fee Claims, including Claims that may arise from agreements entered into with the Estate after the Petition Date other than trade agreements.

**"Ordinary-Course Administrative Claims"** means and refers to Administrative Claims other than Administrative Tax Claims, Professional Fee Claims, and non-Ordinary Course Administrative Claims, based upon liabilities that the Debtor incurs in the ordinary course.

**"OUST"** means and refers to the Officer of the United States Trustee.

**"PeopleReady"** means and refers to PeopleReady, Inc.

**"PeopleReady Case"** means and refers to the complaint filed by PeopleReady on June 22, 2022 against S&C Construction, LLC, Sean Patrick Carroll, Western Surety Company, Navigators Insurance Company, and the Debtor alleging causes of action for: (1) breach of contract; (2) common counts; (3) quantum meriut; (4) recovery on licensed bond;

Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 Fax 714-966-1002

(5) foreclosure of mechanic's lien; and (6) violation of prompt payment statutes, Case No. 22CV013111.

**"Petition Date"** means and refers to the petition date of the Debtor's Case, February 20, 2023.

**"Plan"** means and refers to the Debtor's Chapter 11 Plan of Liquidation Dated May 19, 2023, including any modifications or amendments to the Plan.

**"Plan Confirmation Order"** means and refers to the Court order confirming the Plan under Bankruptcy Code § 1129.

**"Priority Tax Claim"** means and refers to an Allowed Claim entitled to priority against the Estate under Bankruptcy Code § 507(a)(8).

**"Priority Unsecured Claim"** means and refers to an Allowed Claim entitled to priority against the Estate under Bankruptcy Code §§ 507(a)(3)-(7).

**"Professional Fee Claim"** means and refers to:

(a) A Claim under Bankruptcy Code §§ 327, 328, 330, 331, 503, or 1103 for compensation for professional services rendered or expenses incurred on the Estate's behalf, or

(b) A Claim either under Bankruptcy Code § 503(b)(4) for compensation for professional services rendered or under Bankruptcy Code § 503(b)(3)(D) for expenses incurred in making a substantial contribution to the Estate.

**"Property"** means and refers to the real property located at 743 Hilldale Avenue, Berkeley, California 94705.

**"S&C"** means and refers to S&C Construction.

**"S&C Case"** means and refers to the complaint filed by S&C on June 20, 2022 against the Debtor alleging causes of action for (1) breach of contract; (2) common counts; (3) foreclosure of mechanic's lien; (4) violation of statutes; and (5) account stated, Case No. 22CV012997.

**"Schedules"** means and refers to the Schedules of Assets and Liabilities and Statement of Financial Affairs, filed by the Debtor on February 20, 2023.

Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 Fax 714-966-1002

Case: 23-40185 Doc# 27 Filed: 05/22/23 Entered: 05/22/23 18:22:47 Page 37 of 39

**"Secured Claim"** means and refers to a Claim that is secured by a valid and unavoidable lien against property in which the Estate has an interest or that is subject to setoff under Bankruptcy Code § 553. A Claim is a Secured Claim only to the extent of the value of the claim holder's interest in that property or to the extent of the amount subject to setoff, as applicable, as determined under Bankruptcy Code § 506(a).

**"Undeliverable Distribution"** means and refers to a distribution to any holder of any Allowed Claim that is returned to the Reorganized Debtor.

Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 Fax 714-966-1002

Case: 23-40185 Doc# 27 Filed: 05/22/23 Entered: 05/22/23 18:22:47 Page 38 of 39

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

**650 Town Center Drive, Suite 600, Costa Mesa, CA 92626**

A true and correct copy of the foregoing document entitled (*specify*): **DISCLOSURE STATEMENT DESCRIBING CHAPTER 11 PLAN OF LIQUIDATION DATED MAY 19, 2023** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) ___05/22/2023____________, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

**Ryan M. Davies rdavies@lscarlsonlaw.com, bankruptcy@zbslaw.com**
**Beth E. Gaschen bgaschen@go2.law**
**David M. Goodrich dgoodrich@go2.law**
**Sonja Hourany sonja.hourany@quinngroup.net**
**Office of the U.S. Trustee/Oak USTPRegion17.OA.ECF@usdoj.gov**
**Phillip John Shine phillip.shine@usdoj.gov**
**Daniel I. Singer dsinger@sokrem.com**

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _______________, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _______________, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 05/22/2023 | Evelyn Ruiz | EVELYN RUIZ |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012 **F 9013-3.1.PROOF.SERVICE**